IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DWAYNE CLINE NIMMONS,

    Petitioner,

v.                                             CASE NO. 4:12-cv-349-SPM-GRJ

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondents.
_____/

## O R D E R

This matter is before the Court on Doc. 1, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254; Doc. 6, Petitioner's motion for leave to proceed as a pauper; and Doc. 7, Petitioner's "Motion Granting Leave for Change of Venue and Demand for Discovery under 28 U.S.C.§ 2241."

Discovery may not be conducted in a § 2254 case absent leave of court, for good cause shown. *See* Habeas Rule 6, Rules Governing § 2254 Proceedings. Upon due consideration of the petition and the motion for discovery, the Court concludes that Petitioner has not demonstrated good cause to conduct discovery at this stage of the case. Furthermore, although Petitioner has titled Doc. 7 as a motion for change of venue and demand for discovery, the reference to venue appears only in the title of the pleading, and Petitioner does not address or show cause why venue is improper in this District.

With regard to Petitioner's motion for leave to proceed as a pauper, Doc. 6, Petitioner's motion is due to be granted, and the Respondent will be directed to file a response to the Petition.

The response shall be styled as an answer unless a motion to dismiss the petition, in whole or in part, due to a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations is appropriate, in which case such ground shall be asserted by motion.  *See* § 2254 Rule 4 and Advisory Committee Notes (Court may authorize Respondent to address procedural bars by way of a motion to dismiss, "which may avoid burdening the Respondent with the necessity of filing an answer on the substantive merits of the petition."); § 2254 Rule 5(b).  If a motion to dismiss some or all of the claims on a procedural ground is filed, Respondent need not also file an answer *as to the merits of those claims only* until the Court rules on the motion asserting the procedural ground.  *See id*.  Respondent may respond to the merits of the Petition without waiving the exhaustion requirement.  *See* § 2254(b)(2) and § 2254(b)(3).

Petitioner may file a reply to any of Respondent's arguments, including a motion to dismiss, within the time set by this order, but is not required to do so.  § 2254 Rule 5(e).

The Court will review the record after the answer (or other motion) and Petitioner's reply (if any) are filed.  If it does not appear that a hearing or additional argument is warranted, then the undersigned will make appropriate disposition of the motion or petition.  If an evidentiary hearing is warranted and permitted, counsel will be appointed.  § 2254 Rule 8.[1]

---

[1] Section 2254(e)(2) generally bars the court from granting an evidentiary hearing if the Petitioner failed to properly develop the facts in support of his claim in state court. *Schriro v. Landrigan*, 550 U.S. 465, 473-74 n.1 (2007).  Even where not barred by the statute, the Court has the discretion to deny a hearing if the record refutes the

Accordingly, it is hereby **ORDERED AND ADJUDGED** that**:**

1.  Petitioner's motion for leave to proceed as a pauper, Doc. 6, is **GRANTED.**

2.  The clerk shall serve a copy of the Petition, Doc. 1, along with this order, to Respondent and the Attorney General of the State of Florida via regular mail.  **It is not necessary to serve the Attachments since they are available electronically.**

3.  Respondent shall file an answer or other pleading on or before **November 25, 2012.**  If the exhibits exceed 200 pages in length, **paper copies shall also be provided to the Court**.

4.  Petitioner shall have until **December 26, 2012**, to file a reply, if desired.

5.  Petitioner's motion for change of venue and discovery, Doc. 7, is **DENIED.**

**DONE AND ORDERED** this 27th day of August 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

---

allegations or otherwise precludes relief.  Id. (citations omitted).

*Case No: 4:12-cv-349-SPM-GRJ*