IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DWAYNE CLINE NIMMONS,

       Petitioner,

v.                             CASE NO. 4:12-cv-349-SPM-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

       Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner has filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and a supplemental exhibit.  (Docs. 1, 9.)  This case is presently before the Court on Doc. 16, Respondent's motion to dismiss the Petition as time-barred. Respondent has submitted the relevant state court records with the motion.  The Petitioner failed to file a response to the motion to dismiss and therefore on March 15, 2013, the Court issued an Order to Show Cause, Doc. 18, directing the Petitioner to show cause why the motion to dismiss should not be granted. Petitioner was advised that if the petition is dismissed he will be barred from filing a second or successive § 2254 petition without first obtaining an order from the court of appeals authorizing the district court to consider it. The Court also advised the Petitioner that failure to respond to the show cause order would result in the dismissal of his petition for failure to comply with a court order and for failure to prosecute.  To date, Petitioner has not filed a response to the motion to dismiss nor has he responded to the Court's order to show cause.  Accordingly, for the following reasons, the motion to dismiss is due be granted because the petition is untimely.

**<u>Discussion</u>**

Petitioners whose convictions became final after the effective date of the AEDPA

have a one-year period within which to seek federal habeas corpus review of their

convictions.  The one-year period of limitation runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct
> review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State
> action in violation of the Constitution or laws of the United States is removed, if
> the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by
> the Supreme Court, if the right has been newly recognized by the Supreme Court
> and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented
> could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitations period is statutorily tolled during the pendency

of a properly-filed state application for post conviction relief, and may be equitably tolled

in appropriate "extraordinary circumstances."  28 U.S.C. § 2244(d)(2); *Steed v. Head*,

219 F.3d 1298, 1300 (11th Cir. 2000).

Petitioner's original judgment of guilt was entered on August 5, 2002.  (Exh. H.)

The First DCA affirmed his conviction on December 17, 2003, and his conviction

became final on March 16, 2004, when his 90-day time period to seek certiorari review

in the U.S. Supreme Court expired.  (Exh. M); *Nimmons v. State*, 861 So. 2d 1157 (Fla.

1st DCA 2003).  The limitations period ran for 309 days until it was tolled by the filing of

a writ of prohibition.[1]  The tolling period ended on April 25, 2005, when the First DCA

per curiam denied the writ.  (Exh. P, Q.)  The limitations period then ran until its

expiration 56 days later on June 20, 2005.[2]  Petitioner provided the instant federal

habeas petition to prison officials for mailing on July 11, 2012, more than seven years

after the limitations period expired.  (Doc. 1.)   Accordingly, the petition is due to be

dismissed as untimely pursuant to 28 U.S.C. § 2244(d) because it was not filed within

one year of the date Petitioner's conviction became final.

    To the extent Petitioner asserts that Ground 1 of his petition is timely due to

"newly discovered evidence," he has not alleged any newly discovered evidence or that

a factual predicate was discovered that would make  § 2244(d)(1)(D) applicable.  To the

extent he cites *Shelton v. Sec'y, Dep't of Corr.,* 802 F. Supp. 2d 1289 (M.D. Fla. 2011)

(granting habeas relief on grounds that Fla. Stat. § 893.13 was facially unconstitutional)

as a basis for the timeliness of Ground 1 of his petition, this too fails.  The Eleventh

Circuit reversed *Shelton* on appeal and the Florida Supreme Court subsequently found

Fla. Stat. § 893.13 constitutional.  *Shelton v. Sec'y, Dep't of Corr.*, 691 F.3d 1348,

---

[1]Petitioner previously filed a federal habeas petition in this Court.  *Nimmons v. Crosby*, Case No. 4:03-cv-263-RH-WCS (N.D. Fla.)  That petition was provided to prison officials for mailing on August 14, 2003.  (Doc. 1) The Court dismissed the petition without prejudice and on August 26, 2004, the Eleventh Circuit denied a certificate of appealability.  (Doc. 27.)  However, that federal habeas petition did not toll the AEDPA limitations period.  *See Duncan v. Walker,* 533 U.S. 167, 173-74 (2001).

[2]Petitioner filed a Rule 3.850 postconviction motion on December 14, 2011, and the First DCA issued mandate in September 2012, affirming the trial court's dismissal. (Exhs. S, T, U.)  This would not toll the limitations period because the limitations period had already expired.  *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (holding that a state court petition "filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled").

1355-56 (11th Cir. 2012), *State v. Adkins*, 96 So.3d 412, 423 (Fla. 2012).

The instant habeas petition was filed more than seven years after Petitioner's conviction became final, and he has alleged no other circumstances that would make the petition timely under § 2244(d)(1). Nor has Petitioner alleged any extraordinary circumstances that prevented him from timely filing his claim.[3] Accordingly, the instant habeas petition is untimely and due to be dismissed.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

------

[3]To the contrary, Petitioner was specifically advised by this Court in 2004 that: (1) his federal habeas petition did not toll the one-year limitations period; (2) he should commence Rule 3.850 proceedings in state court "as soon as possible"; and (3) that § 2244(d)(1)(A) required that his petition be filed within one year of when his conviction became final. *Nimmons v. Crosby*, Doc. 12, Case No. 4:03-cv-263-RH-WCS (N.D. Fla. April 8, 2004.) Despite these explicit warnings, Petitioner did not file a Rule 3.850 motion until 2011 and did not file the instant federal habeas petition until 2012.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED:**

1. That the motion to dismiss, Doc. 16, should be **GRANTED.**

2. That the petition for a writ of habeas corpus (Doc. 1) be **DENIED**.

3. That a certificate of appealability be **DENIED.**

**IN CHAMBERS** this 11th day of April 2013.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**